IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DIANA D. MYLES, INDIVIDUALLY, AND )
AS ADMINISTRATOR OF THE ESTATE OF )
JOHNNY LEE MYLES, AND FOR AND ON )
BEHALF OF ALL OTHER PARTIES )
ENTITLED TO RECOVER FOR THE )
WRONGFUL DEATH OF JOHNNY LEE )
MYLES, DECEASED, )
)  Case No. 4:14-cv-107-DMB-JMV
    Plaintiff, )
)  JURY DEMANDED
v. )
)
DOMINO'S PIZZA, LLC, A FOREIGN )
CORPORATION, AND WAYMOND JAMES, )
AN INDIVIDUAL, )
)
    Defendants. )

**STIPULATED PROTECTIVE ORDER**

    The parties, by and through their undersigned counsel and pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby agree to the terms of this Stipulated Protective Order (the "Order") as follows:

    This Order shall govern the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party during pretrial proceedings in this action, pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, summaries and by-products thereof.

    The above-captioned litigation will involve the production of documents by the parties and by third parties. Some of the documents and other discovery materials of each of the parties

1

and of third parties are confidential or privileged. The parties agree that this Order is appropriate and advisable to prohibit the disclosure of certain confidential material and information.

If in the course of this litigation, any party or third party undertakes to produce or is caused to disclose what they in good faith believe embodies confidential information, the procedures set forth herein shall be employed and disclosure shall be subject to this Order.

For purposes of this Order, the term "Confidential Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, customer or commercial information, financial information, information which constitutes protected health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or other information subject to a legally protected right of privacy, and which counsel for the designating party designates as "CONFIDENTIAL" upon a good faith belief that there is cause therefore under applicable law. Confidential Information shall <u>not</u> consist of information which at any time has been: (i) produced, disclosed or made available to the public or otherwise available for public access; and/or (ii) disclosed in connection with any government filing and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential; provided, however, that confidential compilations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.

Counsel for any party or third party to this litigation shall designate documents or information as "CONFIDENTIAL" prior to actual production of the document or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on

every page of each document so designated or, in the case of confidential information disclosed in a non-paper medium, (e.g., video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container. Inadvertent failure to designate a document as "CONFIDENTIAL" may be corrected by supplemental written notice given as soon as practicable.

Any receiving party may at any time request that the designating party cancel the Confidential Information designation with respect to any documents, object or information. Such request shall be written, shall be served on counsel for the designating party, and shall identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contentions. If the designating party does not agree that the documents or information should no longer be considered Confidential Information under this Order, then the designating and requesting parties shall confer in a good faith effort to resolve the dispute. If after timely notice and conference the parties fail to resolve their dispute, the party contending for such non-confidentiality (the "Requesting Party") may file a motion with the Court to be relieved of the limitations of this Order with respect to the document or information in question. The law of the State of Mississippi shall govern the burden of persuasion, to the extent applicable, with regard to any challenged designation. If the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) court days after it is made. The requesting party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

If during the course of any deposition, and not later than thirty (30) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or counsel for any

M MWW 2542245 v2
2919648-000002  11/06/2014

of the parties in this action notifies counsel for the parties in writing that the deposition transcript or any portion thereof or any exhibits to the deposition is subject to designation as Confidential Information, such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential Information. Documents that are used as exhibits already designated as Confidential Information shall remain confidential. Any deposition that has any portion of the transcript or exhibits designated as Confidential Information shall indicate that it contains Confidential Information. A party which objects to the designation shall have the rights and objections as set forth herein. Any deposition transcript shall be deemed confidential until at least thirty (30) days after the deponent or his or her counsel has received a final written deposition transcript. Within such thirty (30) day period, counsel for any party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as Confidential Information.

When depositions or portions of depositions are designated confidential, counsel shall use such Confidential Information only as provided for in this Order. All persons present at the taking of such depositions when such Confidential Information is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

Documents or information designated as Confidential Information, copies thereof and the information contained therein may be disclosed only by counsel of record and only to the following persons:

      a. Plaintiff in this litigation;

      b. Defendants in this litigation;

4

c. Outside and in-house counsel for the parties, including such counsel's paralegals, secretarial and clerical personnel who are working on this litigation;

d. Authors and addressees of the confidential documents or information.

e. A witness at a deposition or at trial if there is good faith reason to believe that the witness (or the employer of such witness) has knowledge of the document or regarding the subject matter of the document;

f. Consultants and experts and their staff ("Experts") who are directly employed or retained in connection with this action by counsel for the parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

g. Persons who are directly employed, retained, contracted with or consulted in connection with the subject matter of this action, by counsel for a party to this action, regardless of whether such persons are called to testify or used for the preparation of this case for trial or appeal;

h. The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court;

i. Court reporters, including stenographers and video technicians transcribing proceedings in this action; and

j. A mediator or other third-party engaged by the parties to assist in mediation or other alternative dispute resolution procedure.

M MWW 2542245 v2
2919648-000002 11/06/2014

In addition to the limitations specified herein, documents or information designated as Confidential Information may be disclosed to the persons described above only to the extent necessary for purposes of this action.

Confidential Information subject to this Order, including all copies, extracts and summaries thereof, and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action.

A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. Before any document marked as "CONFIDENTIAL" may be subject to a motion seeking to file that document under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as confidential to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a pleading, motion, memorandum, or other document that contains, incorporates, quotes from, annexes, or summarizes any document designated as containing or constituting Confidential Information may be filed with the Court under seal, the party seeking to submit such material shall, pursuant to Uniform Local Rule 79, move the Court to issue an order placing the materials under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Rule 79.

All documents and information designated as Confidential Information shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or

M MWW 2542245 v2
2919648-000002  11/06/2014

generally in connection with this litigation, and for no other purpose whatsoever. Without limitation, no person receiving Confidential Information shall use such Confidential Information in any other action or proceeding. Material designated as Confidential Information shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

The terms of this Order shall in no way affect the right of any person to: (i) withhold information on grounds of immunity from discovery such as, for example, attorney-client privilege, work product or privacy rights of third parties; or (ii) raise or assert any objections heretofore or hereafter raised or asserted including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto. The inadvertent disclosure of any document or information shall not operate as a waiver of any discovery privilege or exception, including without limitation the attorney-client privilege or the work product exemption, if the party or person producing the documents or information requests return of the documents or information within thirty (30) days after discovery of the inadvertent disclosure. A party which has received inadvertently disclosed documents or information subject to a privilege shall, immediately upon discovery of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a disclosing entity hereunder.

Upon final termination of this action (including all appeals) with respect to any party designating any non-public information through discovery, including without limitation any

Confidential Information, the receiving party shall, within thirty (30) days of such termination, return to the designating party or destroy all non-public information obtained through discovery, including without limitation any information designated as Confidential Information that is in its possession, excepting only attorney-generated memoranda and pleadings, which may be retained by counsel to the receiving party and which shall remain subject to all other restrictions of this Order, including the restriction that the "Confidential Information" be used solely for the purpose of litigating this lawsuit. In either event, the receiving party shall certify the return or destruction of all such information.

If information designated "CONFIDENTIAL" in this action is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information "CONFIDENTIAL" and shall not produce the documents until the earlier of fifteen (15) days after providing notice or the return date of the subpoena or other process.

The parties agree that this Order shall be effective from the date on which it is entered by the Court and shall apply and be enforceable from the date forward with respect to all pre-trial proceedings in this matter, including materials produced at any time after commencement of this case. Nothing in this Order shall prevent a party from any use of his or her own Confidential Information.

If the Confidential Information pertaining to any party in this litigation is inadvertently disclosed to other parties, the party receiving the Confidential Information will return the Confidential Information to the disclosing party and/or otherwise maintain the information's confidentiality in accordance with the terms of this Order.

M MWW 2542245 v2
2919648-000002  11/06/2014

This Order shall survive the termination of the litigation. The Court retains jurisdiction for a period of ninety (90) days after termination of this litigation with respect to any dispute regarding the improper use of Confidential Information disclosed under this Order. The Court may make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

Any person not a party to this action from whom discovery is sought may obtain the benefits of this Order by signing, or having duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the parties. Any documents, deposition testimony and other information produced upon discovery by such person and designated as Confidential Information by such person shall be treated accordingly.

**SO ORDERED** this, the 5th day of January, 2015.

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**

AGREED TO AND APPROVED BY:


/s Cooper Ellenberg
Cooper Ellenberg (MS Bar No. 104721)
Moore Law Group, LLC
4984 Overton Road
Birmingham, Alabama 35210
Telephone: (205) 314-2900
Fax: (877) 277-2901
cellenberg@mlgllc.net
*Counsel for Plaintiff*


/s Mason W. Wilson
Mason W. Wilson (MS Bar No. 101615)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
T: (901) 577-8163
F: (901) 577-4235
mwwilson@bakerdonelson.com
*Counsel for Defendants*