IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DIANA D. MYLES, Individually and as**                                                    **PLAINTIFF**
**Administrator of the Estate of Johnny Lee**
**Myles and for and on behalf of all other**
**parties entitled to recover for the wrongful**
**death of Johnny Lee Myles, deceased**

**V.**                                                                                                    **NO. 4:14-CV-00107-DMB-JMV**

**DOMINO'S PIZZA, LLC, a foreign**
**corporation; and WAYMOND JAMES, an**
**individual**                                                                                 **DEFENDANTS**

## OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS

This automobile collision action is brought by Plaintiff Diana Myles, on behalf of herself and the Estate of Johnny Lee Myles, her late husband. Doc. #7 at ¶ 1. In her amended complaint, Plaintiff alleges that her husband was killed when his car was impacted by a commercial vehicle driven by Defendant Waymond James and owned by Defendant Domino's Pizza. *Id.* at ¶¶ 6, 32. Before the Court are Domino's Rule 12(b)(6): (1) Motion to Dismiss Plaintiff's Complaint, Doc. #4; and (2) Motion to Dismiss Plaintiff's First Amended Complaint, Doc. #9.

### I
### Rule 12(b)(6) Standard

As a general matter, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

considering the interplay between Rule 8 and Rule 12, the United States Supreme Court has explained that:

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007)). Under this standard, a "court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (internal quotation marks and punctuation omitted).

## II
### Factual Allegations and Procedural History

At approximately 9:48 p.m. on December 29, 2012, a vehicle driven by Johnny Lee Myles collided with a commercial vehicle owned by Defendant Domino's and driven by Defendant Waymond James. Doc. #7 at ¶ 6. The collision occurred when Johnny's vehicle entered the intersection of U.S. Highway 61 and Mississippi Highway 32, and James negligently failed to avoid Johnny's automobile. *Id.* at ¶¶ 17, 19, 34. At the time of the accident, James was employed by Domino's and was acting within the scope of such employment. *Id.* at ¶¶ 2, 35.

On July 28, 2014, Plaintiff filed this action against James and Domino's. Doc. #1. In her original complaint, Plaintiff alleged that James failed to follow an array of federal, state, and company standards and that such failures caused Plaintiff to suffer injuries. *Id.* at ¶¶ 11, 13. Plaintiff further alleged that Domino's engaged in "wrongful and negligent conduct," including

conspiracy to violate, and aiding and abetting the violation of, federal and state safety laws. *Id.* at ¶¶ 16–17.

On September 2, 2014, Domino's filed a Motion to Dismiss Plaintiff's Complaint. Doc. #4. On September 22, 2014, Plaintiff filed an amended complaint pursuant to Rule 15(a)(1)(B). Doc. #7. Plaintiff's amended complaint, which alleges that Domino's knew that James was "an incompetent driver," *id.* at ¶ 39(b), asserts the same claims as her original complaint.

On October 5, 2014, Domino's filed a Motion to Dismiss Plaintiff's First Amended Complaint. Doc. #9. On October 17, 2014, Plaintiff responded in opposition to Domino's motion. Doc. #10. On October 29, 2014, James filed a Notice of Joinder, purporting to join and adopt Domino's Motion to Dismiss Plaintiff's First Amended Complaint.[1] Doc. #22.

**III**
**Analysis**

**A. Motion to Dismiss Original Complaint**

"[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading …."[2] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). When a motion to dismiss has been filed against a superseded complaint, the proper course is to deny the

---

[1] Fed. R. Civ. P. 15(a)(3) provides that, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Insofar as James' notice of joinder was filed more than 14 days after service of the amended pleading, it appears that his joinder is untimely. *See Tarlton v. Exxon*, 688 F.2d 973, 977 n.4 (5th Cir. 1982) ("[a] party may not belatedly join another litigant's motion...."). Even if the joinder was timely, the requested joinder would be moot because Domino's motion will only be granted as to claims asserted against Domino's.

[2] To be clear, this does not mean that an original complaint is not superseded if the amended complaint refers to or adopts the earlier pleading. Rather, it means that the original complaint maintains some legal effect if it is adopted. *See* 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("An amended pleading may adopt some or all of the averments of the original pleading …. However, the identification of the particular allegations to be incorporated must be direct, clear, and explicit. *This is particularly important because once the original pleading is amended it no longer is part of the action and an incorporation of some of its allegations may be confusing unless carefully set forth*.") (emphasis added and internal footnotes omitted).

motion to dismiss as moot. *See, e.g., Sartori v. Bonded Collect Servs.*, No. 2:11-cv-030, 2011 WL 3293408, at *1 (N.D. Miss. Aug. 1, 2011) ("The defendant's March 26, 2011 motion to dismiss for lack of personal jurisdiction should be denied as moot since the plaintiff filed an Amended Complaint subsequent to the filing of the first motion to dismiss."); *Fit Exp., Inc. v. Circuit-Total Fitness*, No. 1:07-cv-62, 2008 WL 4450290, at *1 (N.D. Miss. Sep. 29, 2008) ("Because Plaintiff's Counterclaims were amended, Defendants' previously filed Motion to Dismiss … is denied as moot"). Here, Plaintiff's First Amended Complaint has superseded her original complaint. Accordingly, Domino's Motion to Dismiss Plaintiff's Complaint, Doc. #4, is denied as moot.

### B. Motion to Dismiss Amended Complaint

In the memorandum accompanying its second motion to dismiss, Domino's argues:

> Plaintiff again failed to allege any facts that would allow the Court to draw a reasonable inference that Domino's conspired with its drivers to violate state and federal laws or that Domino's aided and abetted its employees in violating state and federal laws. As a result, Plaintiff's First Amended Complaint and/or any claims that Domino's engaged in a conspiracy or aided and abetted its employees in violating state and federal laws should be dismissed.

Doc. #10 at 2 (internal citations omitted).

First, neither Domino's memorandum nor the motion to dismiss itself addresses any claims other than conspiracy and aiding and abetting. Under these circumstances, it is clearly inappropriate to dismiss the amended complaint as a whole. *See Fuller-McMahan v. City of Rockland*, No. 05-58, 2005 WL 1645765, at *9 (D. Me. July 12, 2005) ("The defendants do not address the claim raised in Count III under the Maine Constitution, nor do they suggest that analysis of the state and federal constitutional claims is identical. Accordingly, the motion to dismiss Count III should be denied in its entirety."). Accordingly, the question becomes whether the amended complaint has stated a claim for conspiracy or aiding and abetting.

4

1.  **Conspiracy**

"To establish a civil conspiracy, the plaintiff must prove (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result." *Bradley v. Kelley Bros. Contractors, Inc.*, 117 So.3d 331, 339 (Miss. Ct. App. 2013) (citing *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 786 (Miss. 2004)) (internal footnote omitted). In her response to the motion to dismiss, Plaintiff argues that the conspiracy claim is established by her allegation that Domino's knew James was "an incompetent driver." Doc. #12 at 3. Specifically, Plaintiff contends:

> In the context of commercial motor vehicle operation, an incompetent driver is one lacking the knowledge and skills necessary to safely operate [a commercial vehicle]. To knowingly entrust a commercial motor vehicle to an incompetent driver is therefore to conspire with the driver to violate the Federal Motor Carrier Safety Regulations and/or to aid and abet him/her in doing so.

*Id.* In this regard, Plaintiff argues that Domino's and James agreed to use "a commercial vehicle in interstate commerce without compliance with the FMCSR [and that the] shared knowledge of James' lack of the requisite knowledge and skills demonstrates a meeting of the minds." *Id.* Plaintiff submits that the overt act requirement is met by James' alleged violation of the FMCSR, and that the damages element is satisfied by Johnny's injuries and death. *Id.*

As an initial matter, "[i]t is basic to Mississippi conspiracy law that there must be two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Saucier v. Coldwell Banker JME Realty*, 644 F. Supp. 2d 769, 784 (S.D. Miss. 2007) (citing *Nelson Radio & Supply Co. v. Motorola, Inc*. 200 F.2d 911, 914 (5th Cir. 1952)) (internal quotation marks omitted). Accordingly, insofar as Plaintiff appears to assert a

conspiracy between Domino's and its employee James (or any other Domino's employee), such claim would fail.³

Even if Plaintiff could allege a conspiracy between James and Domino's, she cannot show an agreement between the two to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. As mentioned above, Plaintiff argues that the Court may infer an agreement to violate relevant laws and regulations from the "shared knowledge of James' lack of the requisite knowledge and skills" to operate a commercial vehicle in compliance with such laws. Doc. #12 at 3.

It is well settled that, following *Iqbal* and *Twombly*, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal punctuation omitted). Thus, under Rule 8, a plaintiff must do more than make a conclusory allegation of knowledge. *See Osness v. Lasko Prods, Inc.*, 868 F. Supp. 2d 402, 409 (E.D. Pa. 2012) ("[P]laintiff's conclusory allegations that Lasko knew of the defect are not sufficient to state a claim under the heightened pleading standard of Rule 9(b)—and indeed fail to satisfy even the more liberal pleading standards of Rule 8."); *see also Walters v. McMahen*, 684 F.3d 435, 441–42 (4th Cir. 2012) (allegation of "actual knowledge" failed under *Iqbal* and *Twombly*); *Winstron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458, 2011 WL 4079231, at *5 (N.D. Cal. Sep. 12, 2011) ("Post-*Twombly* and *Iqbal*, courts have typically rejected conclusory

---

³ Although Defendant did not raise the intra-corporate conspiracy rule in its motion to dismiss, "[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Broyles v. Texas*, 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009) (quoting 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.)). "[F]airness in this context require[s] both notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176–77 (5th Cir. 2006) (internal quotation marks omitted). As explained below, Defendant's motion to dismiss the conspiracy claim is granted on grounds raised in Defendant's motion – Plaintiff's failure to plead adequate facts supporting her theory of recovery. The Court raises the intra-corporate conspiracy rule to provide Plaintiff with notice that, should she seek to amend her complaint to re-plead her conspiracy claim, such claim will be evaluated under the rule.

allegations of knowledge.").[4] Rather, the plaintiff must plead facts which would allow the court to draw a reasonable inference of the knowledge alleged. *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013).

Here, Plaintiff has not pled that James had a history of incompetent driving, that James failed internal screening procedures, or engaged in any course of conduct which would have displayed "incompetence" in his driving skills. Put differently, Plaintiff has failed to plead any facts which would allow the Court to draw an inference, much less a reasonable inference, that Domino's knew James was an "incompetent" driver. In the absence of such knowledge, Plaintiff's argument regarding an agreement between James and Domino's must fail. Accordingly, Plaintiff's conspiracy claim must be dismissed.

### 2. Aiding and Abetting

"All who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefor." *Hutto v Kremer*, 76 So.2d 204, 208 (Miss. 1954) (quoting Cooley on Torts § 85 (4th Ed.)). Thus, rather than existing as an independent cause of action, Mississippi appears to treat aiding and abetting as a theory for imposing liability against a defendant for an underlying tort. *See Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822 (N.D. Miss. 2011) ("The Mississippi Supreme Court has never recognized aiding and abetting as a civil cause of action …."). When recognized, "[a] claim for aiding and abetting a tort has three elements: (1) a primary tortfeasor committed a tort against a plaintiff, (2) the defendant knew that the primary tortfeasor's conduct was a breach of duty, and (3) the defendant substantially assisted or

---

[4] *But see Linde v. Arab Bank, PLC*, 384 F. Supp. 2d 571, 579–80 (E.D.N.Y. 2005) (general allegation of knowledge sufficient under Rule 8).

7

encouraged the primary tortfeasor in committing the tort." 74 Am. Jur. 2d Torts § 61. *See also Fikes*, 813 F. Supp. 2d at 822 (recognizing tort requires knowledge "that the others' conduct constitutes a breach of duty and … substantial assistance or encouragement to the other so to conduct himself") (citing Restatement (Second) of Torts § 876(b) (1979)).

Once again, Plaintiff argues that "[t]o knowingly entrust a commercial motor vehicle to an incompetent driver is therefore to conspire with the driver to violate the [FMCSR] and/or to aid and abet him/her in doing so." Doc. #12 at 3. Plaintiff does not cite any law for aiding and abetting, and does not advance any argument as to how or why Domino's conduct, as pled, establishes aiding and abetting liability. This total failure to brief the validity of the aiding and abetting claim amounts to a waiver of the issue. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (failure to provide "any legal argument beyond bare assertions" amounted to waiver of issue).

Even if the argument had not been waived, for the reasons explained above, the Court concludes that Plaintiff has not pled facts which would establish the knowledge required for aiding and abetting liability. Specifically, there is nothing in the complaint from which the Court can infer that Domino's knew James was an "incompetent' driver. As a result, Plaintiff has not pled facts showing that Domino's was aware that James was breaching a duty to Plaintiff. Thus, Domino's motion to dismiss the aiding and abetting claim will be granted.

**C. Leave to Amend**

In her response, Plaintiff requests that "[s]hould the Court determine that the Complaint is deficient [she be granted] leave to amend her Complaint to state additional facts." Doc. #12 at 4. However, under the Local Rules of this Court, "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a

response." L.U. Civ. R. 7(b)(3)(C). Accordingly, Plaintiff's request to amend, which is contained in her response to the motion to dismiss, is improper and will be denied.

## IV
## Conclusion

For the reasons above, Domino's Motion to Dismiss Plaintiff's Complaint [4] is **DENIED as moot.** Domino's motion to Dismiss Plaintiff's Amended Complaint [9] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED as to the claims for conspiracy and aiding and abetting asserted against Domino's, and DENIED in all other respects.

SO ORDERED, this 5th day of May, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**